IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JASON M. HANSON,**

        **Petitioner,**

vs.                                        Case No. 3:12-cv-283-DRH

**MICHAEL P. ATCHISON,**[1]

        **Respondent.**

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. In this action, petitioner challenges his November 22, 2002, conviction for first degree murder, in the Circuit Court of Williamson County, Illinois, and resulting 45-year sentence of imprisonment.

Petitioner seeks habeas review on four grounds: 1) he is actually innocent; 2) he was arrested without probable cause; 3) he never received a Miranda warning; and 4) his counsel was ineffective in failing to allow petitioner to "proclaim" his innocence, in failing to formulate a theory of defense, in refusing to give an opening argument, in failing to secure a jury of his peers, and in failing to

---

[1] Petitioner names "United States" as respondent. The only proper respondent in a habeas action for an incarcerated prisoner is his custodian -- the warden of the prison. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996). Petitioner is currently incarcerated in the Menard Correctional Center. Michael P. Atchison is the Warden at Menard. Accordingly, the Clerk shall be directed to substitute Michael P. Atchison for the United States as the named respondent.

use evidence in his favor. Petitioner asserts he has exhausted his state court remedies with respect to the claims raised in his federal habeas petition. Based upon the facts alleged in the petition, the Court is unable to determine at this time whether the petition was timely filed.

**IT IS HEREBY ORDERED** that respondent shall, within thirty (30) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue. This preliminary Order directing a response does not preclude the State from making whatever waiver, exhaustion, or timeliness argument it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

The Clerk is **DIRECTED** to substitute Michael P. Atchison, Warden at Menard Correctional Center, as the respondent in this action, and terminate the United States.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 27, 2012**

Digitally signed by
David R. Herndon
Date: 2012.08.27
12:00:26 -05'00'

**CHIEF JUDGE**
**United States District Court**