IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JASON M. HANSON,**

    **Petitioner,**

**v.**                                                              **12-0283-DRH-PMF**

**MICHAEL ATCHISON,**

    **Respondent.**

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### Introduction and Background

Pending before the Court is a Report and Recommendation issued by Magistrate Judge Philip M. Frazier (Doc. 18). Hanson filed objections to the Report (Doc. 19). Based on the record and the applicable case law, the Court **ADOPTS** the Report in its entirety.

Following a jury trial, Jason M. Hanson was convicted of one count of first degree murder and the Williamson County, Illinois Circuit Court sentenced him to forty-five years imprisonment. *People v. Hanson*, No. 02-CF-321 (Ill. Cir. Ct. 1st, Feb. 2, 2003). He then unsuccessfully appealed his conviction on the ground that his sentence was excessive. *People v. Hanson*, No. 5-03-0286 (Ill. App. Ct. June 3, 2004). The Fifth District, Illinois Appellate Court set forth the evidence at trial as the following:

> [Petitioner] and a group of other young people were socializing and drinking beer in a Herrin housing project at about 2 o'clock on the

>morning of September 1, 2002. The 21-year old [petitioner], who had been released on mandatory supervised release from the Department of Corrections on August 8, 2002, was drinking beer and had crack cocaine on his person that he intended to sell. Geraldine Jones, who had been drinking and was in bad humor, approached the group and asked if anyone had seen Zack, her boyfriend. When she learned that Zack was not around, she crossed the street and went to her car, which was parked near her home.
>
>[Petitioner] took the .22-caliber automatic pistol that Donyell "Porky" McKenzie handed to him without being prompted to do so. He put the pistol in his pocket prior to approaching Jones' car to see if she wanted to buy crack cocaine from him. An ill-tempered exchange took place in which Jones referred to [petitioner] as a "bitch," a pejorative prison term for a sexually subservient inmate…. [Petitioner] retorted, "My mom didn't raise no bitches." He shot the victim once, walked to the front of the car and thought "I might as well" and "fuck that," and returned to the open driver's window and shot at the victim four more times. After the second shot, he "knew she was dyin'," and yet he continued to fire the weapon. [Petitioner] shot the victim at such close range that the pistol, which had a shell extractor that threw shells out and to the right, ejected three of the five spent cartridges into the interior of the car, where they were later found by the police.

*Id*. at 1-2. Further, trial testimony reveals that an eyewitness, Jonathan Cruse, identified petitioner as the shooter and Robin Garegnani testified that she saw petitioner walk in Jones' direction before the shooting and run from that direction after shots were fired. Garegnani also testified that petitioner admitted to her and others that he shot Jones. At trial, petitioner testified that McKenzie shot Jones and that he confessed to the shooting because investigators allegedly threatened to charge his brother with the crime.

Thereafter, petitioner filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court, again claiming that his sentence was excessive. *People v. Hanson*, No. 100264. The Illinois Supreme Court denied his PLA on May 25,

2005. *People v. Hanson*, 833 N.E.2d 5 (Ill. 2005)(Table). Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

On July 16, 2007, Hanson filed a post-conviction petition in the State Circuit Court pursuant to 725 ILCS 5/122-1. In that petition he raised the following arguments: (1) newly discovered evidence demonstrated that he was actually innocent of the offense; (2) he was denied effective assistance of counsel when trial counsel failed to attempt to suppress evidence; (3) he was denied effective assistance of counsel during his *voir dire* hearing; (4) he was denied effective assistance of counsel when trial counsel failed to formulate a theory of defense; and (5) he was denied effective assistance of counsel when trial counsel failed to use available reports. The Circuit Court dismissed the post-conviction petition on May 26, 2009, holding that the ineffective assistance of trial counsel claims were time-barred and the actual innocence claim was without merit. *People v. Hanson*, No. 02-CF-0321 (Ill. Cir. Ct., 1st May 26, 2009). Petitioner appealed to the Appellate Court arguing only that the lower court erred in dismissing his actual innocence claim. On November 23, 2010, the Illinois Appellate Court affirmed the Circuit Court decision. Subsequently, Hanson filed a PLA with the Illinois Supreme Court claiming that he was actually innocent and claiming ineffective assistance of counsel. On March 30, 2011, the Illinois Supreme Court denied the PLA. *People v. Hanson*, 949 N.E.2d 661 (Ill. 2011).

Thereafter, on March 27, 2012, Hanson filed this petition for habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). In this petition, Hanson raises the

following grounds for relief:

> Ground 1: Newly discovered evidence demonstrated that he was actually innocent for the offense for which he was incarcerated;
>
> Ground 2(A): He was arrested without probable cause;
>
> Ground 2(B): He was not given his Miranda warnings;
>
> Ground 3(A): He was denied effective assistance of counsel when trial counsel failed to formulate a theory of defense;
>
> Ground 3(B): He was denied effective assistance of counsel when trial counsel refused to give an opening argument;
>
> Ground 3(C): He was denied effective assistance of counsel when trial counsel failed to ensure that he was tried before a jury of his peers; and
>
> Ground 3(D): He was denied effective assistance of counsel when trial counsel failed to use available reports.

On July 26, 2013, Magistrate Judge Frazier issued the Report (Doc. 18). The Report recommends that the Court deny and dismiss with prejudice Hanson's 28 U.S.C. § 2254 petition. Specifically, the Report found that Hanson failed to meet his burden to exercise equitable tolling of the one-year statute of limitations in § 2244(d) as to grounds 2(A), 2(B), 3(A), 3(B), 3(C), and 3(D) and that the petition should be denied to those grounds. Similarly, the Report found that Hanson failed to meet his burden to exercise equitable tolling of the one-year statute of limitations in § 2244(d) as to ground 1 – newly discovered evidence of actual innocence and that the petition should be denied as to that ground. On August 12, 2013, Hanson filed objections to the Report (Doc. 19).

Since timely objections have been filed, this Court must undertake *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Southern

District of Illinois Local Rule 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may "accept, reject or modify the recommended decision." *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999). In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id.*

## Analysis

The Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA") allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available state remedies and fairly presented all of the claims in his habeas petition to the state courts. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004); *Spreitzer v. Schomig*, 219 **F.3d** 639, 644 (7th Cir. 2000).

A state prisoner challenging his custody under 2254 has one year for filing a federal habeas petition; that "period … run[s] from the latest of" four possible dates:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevent from filing by such State action;
    (C) the date on which the constitutional right asserted was initially

> recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Subsection (A) is the default provision by which the timeliness of a habeas petition is measured. *Johnson v. Robert*, 431 F.3d 992, 992 (7th Cir. 2005); *Johnson v.* McBride, 381 F.3d 587, 588-89 (7th Cir. 2004).

Here, Hanson filed what the Court considers to be general objections to the Report. Hanson did not file a specific objection to Grounds 2(A), 2(B), 3(A), 3(B), 3(C) or 3(D). He did not address or cite case law to refute the Report's conclusion that these grounds are time-barred. He merely states that that Court should issue a certificate of appealabilty as to all his claims (Doc. 19, p. 6). Local Rule 73.1(b) provides that written objections "shall specifically identify the portions of the . . . recommendations or reports to which objection is made and the basis for such objections." His "objections" as to these grounds fall short of what is required under 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b). *See Esposito v. Piatrowski*, 223 F.3d 497, 502 (7th Cir. 2000). Therefore, pursuant to 28 U.S.C. § 636(b)(1), the Court need not conduct *de novo* review of the general objections. *Thomas v. Arn*, 474 U.S. 140 (1985). After reviewing the record as to these claims, the Court finds that the Report's conclusion that these claims are time-barred is correct and the Court Adopts the Report's recommendation and the Court denies Hanson's petition for habeas corpus as to these grounds.

Further, the Court finds that Hanson's claim in Ground 1 fairs no better. As to the actual innocence claim, Hanson simply reiterates that he has a reason to excuse the procedural default; that he is actually innocent because he has offered newly discovered evidence demonstrating this through affidavits of Isaac Meeks, Catherine Meeks, Brittany Joplin and Angela Taylor Smith. Again, he has offered no case law or evidence to refute the Report's findings that his actual innocence claim is time-barred. His objection merely takes umbrage with the Report's conclusion as to this claim. After looking at the entire record as to this claim, the Court finds that Hanson has failed to carry his burden to show that the statute of limitations deadline should be equitably tolled. As the Report mentioned, Isaac Meeks, Angela Taylor-Smith and Catherine Meeks are all immediate family members of Hanson and the Court agrees with the Report that these affidavits concerning his actual innocence could have been discovered with due diligence at or near the time of trial in 2002. Thus, these affidavits are not considered newly discovered evidence.

Further, the Court agrees with the Report's analysis regarding Brittany Joplin, a purported unknown eyewitness to the shooting and the purported girlfriend of Isaac Meeks – Hanson's brother. Her affidavit is dated June 5, 2007. Thus, under § 2244(d)(1)(D), the factual predicate for the actual innocence claim would have been discovered June 5, 2007, and that statute of limitations would have started to run on that date. As the Report notes, the statute of limitations ran for 41 days and then was tolled during the pendency of Hanson's state post-

conviction proceeding pursuant to § 2244(d)(2). The statute of limitations restarted after the Illinois Supreme Court denied the PLA on March 30, 211 and ran for 362 days until Hanson filed this petition. The Court agrees with the Report that as of March 27, 2012, the statute of limitations ran for 403 days after June 5, 2007 that date of the factual predicate of his actual innocence claim, Brittany Joplin's affidavit. This 403 days is greater than the one year statute of limitations allowed under § 2244(d). Thus, his actual innocence claim is timed-barred.

When the Court enters a final Order adverse to the applicant for relief under § 2254, the Court must also issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases. A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (internal quotations omitted)(citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4 (1983)). If the Court issues a certificate of appealability, it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

Here, the Court concludes that no certificate of appealability shall issue. Petitioner has not made a substantial showing of the denial of a constitutional right. The conclusory allegations of his petition are belied by the evidence contained in the record.

## Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 18). The Court **DENIES** and **DISMISSES with prejudice** Hanson's 28 U.S.C. § 2254 petition. Further, the Court **DECLINES** to issue a certificate of appealabilty. The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 8th day of January, 2014.

David R. Herndon
2014.01.08
18:54:27 -06'00'

**Chief Judge**
**United States District Court**